# EASTWOOD *v.* ROWELL.

---

PATENTS; INTERFERENCE; CONSTRUCTION OF ISSUES; REDUCTION TO
PRACTICE.

1. In a count in an interference proceeding, reciting "a lifting magnet having a central pole and outer pole, concentric with and surrounding said central pole and removable pole shoes on the bottom faces of both of said poles, the pole shoe on the outer pole being deeper than the shoe of the central pole, such that its end face is lower than the end face of the pole shoe on the central pole,"—the word "deeper" is to be taken as the equivalent of "thicker," and not to be limited by the subsequent words, so as to make it synonymous with "lower," and thus make this portion of the count call merely for an outer pole shoe with its under face lower than that of the

central pole shoe, especially where the specifications recite that the outer pole shoe is of such "dimensions" that its active face will be lower than that of the central pole shoe, and that the "depth" of the pole ring gives it strength in a vertical direction.

2. A test will not in an interference proceeding be held to have constituted a reduction to practice unless it is made with a device which strictly conforms with the claims in issue, notwithstanding that in the test the device worked perfectly.

3. A lifting magnet with concentric poles, which is represented by issues in interference as having an outer pole shoe thicker than the central pole shoe, will not be deemed to have been reduced to practice by a test made with a magnet whose central pole shoe was $\frac{1}{16}$ of an inch thicker than the outer pole shoe.

4. It is not error for the Commissioner of Patents to deny the junior party's claim of reduction to practice in an interference proceeding whose issues disclose a lifting magnet with concentric poles and an outer pole shoe thicker than the central pole shoe, where, although the drawings of the device upon which the claim of reduction to practice is based called for an outer pole shoe $\frac{1}{16}$ of an inch thicker than the central pole shoe, there is no evidence that the device operated conformed strictly with the drawings, as a variation from the drawings of $\frac{1}{16}$ of an inch in the relative thickness of the pole shoes would be fatal.

Patent Appeals No. 840.   Submitted March 11, 1913.   Decided April 7, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. F. N. Barber* for the appellant.

*Mr. Edwin B. H. Tower, Jr.,* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal by Arthur C. Eastwood from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to Lewis D. Rowell, appellee,

the senior party. The invention in issue relates to a magnet for handling iron and steel by means of magnetic attraction. The issue is sufficiently defined by the count of the interference, as follows: "A lifting magnet having a central pole, an outer pole concentric with and surrounding said central pole and removable pole shoes on the bottom faces of both of said poles, the pole shoe on the outer pole being deeper than the pole shoe on the central pole, such that its under face is lower than the under face of the pole shoe on the central pole."

The principal question raised in this case is the construction to be placed upon the following language in the count, which originated as a claim in appellant's application: "The pole shoe on the outer pole being deeper than the pole shoe on the central pole, such that its under face is lower than the under face of the pole shoe on the central pole." Appellant contends that the last clause so defines the word "deeper" as to make it synonymous with the word "lower," thus making this portion of count call merely for an outer pole shoe with its under face lower than the central pole shoe. All of the tribunals of the Patent Office, however, held that this word should be construed as equivalent to "thicker." It seems hardly probable that appellant would have used a word in a sense which apparently he knew to be ambiguous, and then have followed it with a clause of twenty words to explain that lower was meant, when the whole claim could have been left free from doubt by the use of the word "lower" in place of "deeper" in the first instance, thus rendering a defining clause unnecessary. If given the construction adopted by the tribunals of the Patent Office, effect may be given to every word in the claim, since, in the state of the art, the use of an outer pole shoe of great thickness than the central pole shoe would insure the former being lower than the latter. That this was the intention of appellant is borne out by the following language in his specification: "It is noted that I have shown the pole shoe 'c' of such dimensions that its active face will be lower than the active face of the central pole shoe 'b.' * * * The depth of the pole ring 'c' is also of advantage mechanically, since the ring will

be very strong in a vertical direction, and therefore capable of withstanding the heavy blows which it receives when the completed magnet, which may readily weigh 5,000 pounds, is dropped upon piles of iron and steel." In the first sentence quoted, the language is somewhat similar to that of the claim. The word "dimensions" there used could only be applied to thickness. In the second sentence, the word "depth" is used as synonymous with thickness, since otherwise there would be no difference in the vertical strength. While it is true that there is nothing in this record to show that such a limitation as that imposed by the tribunals below is necessary to sustain the validity of the claim, yet this structure is shown in appellant's Patent Office drawing, and, if he thought it advisable to limit himself thereto, it is not within the province of this court to reconstruct his claim.

A test claimed by appellant to constitute a reduction to practice was made at South Chicago, Illinois, which, if sustained, would give appellant priority. It is conclusively shown, however, that the magnet tested had a central pole shoe 1/16 of an inch thicker than the outer shoe, and, though it seems to have worked perfectly, it cannot be held to constitute a reduction to practice, since the magnet was not constructed strictly in conformity with the claim in issue.

The next question presented is whether or not a device known as the "Latrobe magnet" constituted a reduction to practice. This magnet was one half the size of the one tested at South Chicago. The tribunals of the Patent Office held that, although the drawings by which this magnet was made called for an outer pole shoe 1/16 of an inch thicker than the central pole shoe, the evidence was insufficient to establish the fact that the completed structure conformed accurately to the dimensions called for in the drawings. We have examined the record carefully, and agree with their conclusion on this point. Appellant is here not alone with the burden attaching to the junior party, but with the additional burden imposed by the unanimous decisions of the Patent Office against him. An inaccuracy in following the drawings of 1/16 of an inch in the

relative thicknesses of the pole shoe, in a device about 2 feet wide and 6 inches high, would be sufficient to prevent this device from constituting a reduction to practice; hence the necessity of some proof to the effect that the completed magnet conformed strictly to the requirements of the drawings. The question, it must be conceded, is an exceedingly close one. We are not satisfied, however, that error has been committed.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                    *Affirmed.*